Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Jorge Pérez Colón<br><br>Recurrente<br><br>vs.<br><br>Institución Correccional Bayamón 501<br><br>Recurrida | TA2025RA00034 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Respuesta de Reconsideración Núm.: B-260-25<br><br>Sobre: Solicitud de Atención Médica (Sick Call) Desestimación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de julio de 2025.

Comparece por derecho propio el señor Jorge Pérez Colón (en lo sucesivo, Sr. Pérez Colón o recurrente), quien es miembro de la población correccional, y nos solicita la revocación de la Resolución emitida el 29 de abril de 2025[1], por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico (en adelante, Departamento de Corrección o agencia). Mediante el referido dictamen, la agencia concluyó que, no existe una situación que remediar, puesto que el recurrente continuamente recibe atención médica.

Por su condición de confinado, aceptamos que el Sr. Pérez Colón litigue el presente recurso *in forma pauperis*.

Luego de evaluar el recurso presentado por el recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver.

---
[1] Notificada el 20 de mayo de 2025.

Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, confirmamos el dictamen recurrido mediante los fundamentos que expondremos a continuación.

**I.**

Surge del expediente ante nuestra consideración que, el 12 de febrero de 2025, el Sr. Pérez Colón presentó una Solicitud de Remedios Administrativos ante la División de Remedios Administrativos (en lo sucesivo, División de Remedios) del Departamento de Corrección.  En síntesis, alegó que padece de una serie de condiciones crónicas de salud que le producen dolor en su espalda, cuello y piernas. Por tanto, solicitó inmediata atención médica (*sick call*) y la prescripción de fármacos que alivien sus múltiples padecimientos.

Luego de evaluar su solicitud, el 14 de febrero de 2025, la División de Remedios emitió una Respuesta al Miembro de la Población Correccional, notificada el 25 de febrero de 2025. Concluyó que, el recurrente fundamentó su solicitud en opiniones que, no conllevan remediar una situación a tenor con la Sección 5(g) de la Regla XIII del Reglamento de Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, *infra.*

En desacuerdo, el 13 de marzo de 2023, el recurrente sometió una Solicitud de Reconsideración, en la que indicó que la institución correccional continúa negándole los servicios de atención médica.  Evaluados sus argumentos, el 27 de marzo de 2025, la agencia acogió la reconsideración peticionada.

Tras examinar sus argumentos, el 29 de abril de 2025, el Departamento de Corrección dictó una Resolución, notificada el 20

de mayo de 2025, en la que formuló las siguientes determinaciones de hechos:

> *1. El recurrente present[ó] Solicitud de Remedios Administrativos el 12 de febrero de 2025 ante la Evaluadora de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito expone que no fue atendido el 27 y 30 de diciembre de 2024 para los cuales llenó el "sick call".*
>
> *2. El 9 de enero de 2025 se hizo Notificación dirigida al Dr. Marcos Devaries, Director Médico, Complejo Correccional Bayamón.*
>
> *3. El 14 de febrero de 2025 la Sra. Maribel García Charriez, Evaluadora Remedios Administrativos, Oficina de Bayamón realiza respuesta al miembro de la población correccional en virtud de lo dispuesto en el Reglamento Para Atender [l]as Solicitudes [d]e la Remedios Administrativos Radicadas [p]or los Miembros de [l]a Población Correccional.*
>
> *4. El 25 de febrero de 2025 se hace la entrega al recurrente del Recibo de Respuesta.*
>
> *5. El 13 de marzo de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.*
>
> *6. Se acoge la petición de reconsideración el 27 de marzo de 2027.*

De conformidad con lo anterior, el Departamento de Corrección dispuso que el Sr. Pérez Colón recibe atención médica activamente. Así establecido, resolvió que su solicitud no amerita remediar una situación, pues solo está fundamentada en opiniones del recurrente, y no en hechos particulares.

Inconforme aún, el 16 de junio de 2025, el Sr. Pérez Colón recurrió ante este foro intermedio apelativo mediante un escrito intitulado Moción de Revisión Administrativa. En su recurso, señaló que incidió la agencia al no concederle el servicio de atención médica.

**II.**

**A.**

Como norma general, los tribunales revisores estamos llamados a conceder deferencia a las decisiones de las agencias, pues estas poseen la experiencia y el conocimiento especializado

sobre los asuntos que se les han delegado. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En virtud de este principio, las determinaciones administrativas están revestidas de presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 893 (2020). Por lo que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Capó Cruz v. Jta. de Planificación et al, supra,* a la pág. 591.

Cónsono con lo anterior, los tribunales revisores no debemos intervenir en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004). Así pues, si en la solicitud de revisión la parte afectada no demuestra la existencia de otra prueba, entonces las determinaciones de hechos deben ser sostenidas por este tribunal revisor. *Domínguez v. Caguas Expressway Motors,* 148 DPR 387, 398 (1999).

En cambio, respecto a las conclusiones de derecho, tenemos autoridad para revisarlas en todos sus aspectos de acuerdo con la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675. Es decir, estamos facultados para revisarlas completa y absolutamente. *IFCO Recyclint v. Aut. Desp.*

*Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg.* P.R., 144 DPR 425, 436 (1997). Ello, pues, no podemos imprimir un sello de corrección a aquellas determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 127 (2019).

Ahora bien, tal facultad no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. Planificación et al.,* a la pág. 591; *Rebollo v. Yiyi Motors, supra* a la pág. 77. Nuestra deferencia cede en limitadas circunstancias, a saber, cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o la interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. V*oilí Voilá Corp. et al. v. Mun. Guaynabo, supra* a las págs. 754-755; *Super Asphalt v. AFI y otro, supra*, a la pág. 819.

Por último, en lo atinente al recurso que nos ocupa, es necesario destacar que, los dictámenes de las autoridades correccionales merecen nuestra deferencia cuando la parte afectada procura revisión judicial. *Cruz v. Administración*, 164 DPR 341, 357 (2005). La determinación de estos organismos administrativos goza de deferencia sustancial aun cuando no sea la única razonable. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011). Por tanto, sus actuaciones se sostendrán siempre que no sean arbitrarias o caprichosas y estén fundamentada en evidencia sustancial. *Cruz v. Administración, supra*, págs. 354-355.

**B.**

La Constitución de Puerto Rico establece como política pública la reglamentación de las instituciones penales para propender de forma efectiva al tratamiento de la población correccional, así como a su rehabilitación moral y social. Art. VI, Sección 19, Const. ELA, LPRA Tomo I. En consonancia con este mandato constitucional, el Art. 2 del Plan de Reorganización del Departamento de Corrección, Ley Núm. 2-2011, según enmendado, 3 LPRA, Ap. XVIII, Art. 2, (en lo sucesivo, Plan de Reorganización) ordena "la creación de un sistema integrado de seguridad y administración correccional en donde las funciones y los deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad". A esos fines, el Art. 7(aa) del Plan de Reorganización le concede al Secretario de la agencia mencionada las facultades para adoptar reglamentos, órdenes y manuales para el funcionamiento efectivo de las instituciones correccionales. 3 LPRA, Ap. XVIII, Art. 7(aa).

En armonía con lo anterior, el Departamento de Corrección adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015 (en adelante, Reglamento Núm. 8583). Mediante este cuerpo reglamentario se instaura la División de Remedios Administrativos que, procura atender las quejas y los agravios de la población correccional, y aquellos asuntos relativos a sus servicios médicos.

En lo concerniente al caso ante nos, la División de Remedios ostenta jurisdicción para atender toda solicitud radicada por el miembro de la población correccional, según establecido en la Regla VI del Reglamento Núm. 8583, *supra.* Esta petición consiste en un "[r]ecurso que presenta un miembro de la población correccional por escrito, de una situación que afecte su calidad de

vida y seguridad, relacionado con un confinamiento". Regla IV(24), Reglamento 8583, *supra.*

Sobre este asunto, el inciso (1)(a) de la Regla VI(1)(a) del Reglamento Núm. 8583, *supra,* especifica que la División de Remedios tiene autoridad para evaluar aquellas solicitudes que presenten los siguientes componentes, referentes a:

> *Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.*

A base de estos parámetros, el miembro de la población correccional someterá una solicitud con las siguientes exigencias contenidas en los incisos (1) y (2) de la Regla VII del precitado reglamento:

> *1. Será responsabilidad del miembro población correccional presentar las Solicitudes de Remedios en forma clara, concisa y honesta, estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente ofrecerá toda información necesaria para dilucidar su reclamo efectivamente.*
>
> *2. El miembro de la población correccional tendrá la responsabilidad de presentar las solicitudes de remedios de buena fe, según su mejor conocimiento y utilizando lenguaje adecuado.* Reglamento Núm. 8583, *supra.*

De incumplir lo anterior, la División de Remedios no gozará de jurisdicción. Al respecto, el inciso (5)(g) de la Regla XIII del aducido texto reglamentario dispone que el Evaluador de la División de Remedios tendrá autoridad para decretar la desestimación "[c]uando el miembro de la población correccional emita opiniones o **solicite información en su solicitud que no conlleve remediar una situación de su confinamiento**". (Énfasis nuestro). Reglamento Núm. 8583, *supra.*

### III.

En el recurso presente, el Sr. Pérez Colón señala que, a pesar de las múltiples condiciones graves que afectan su salud física, no ha recibido atención médica. En consecuencia, nos

solicita que dictemos una orden a los fines de que el Departamento de Corrección le suministre la medicación correspondiente.

Luego de evaluar sosegadamente el expediente ante nuestra consideración, resolvemos que la determinación administrativa recurrida merece nuestra deferencia. Colegimos que, el recurrente no presentó prueba para derrotar la presunción de legalidad y corrección que inviste al dictamen impugnado. Por tanto, nos compete sostener la decisión objeto de revisión judicial, pues es consistente con los parámetros reglamentarios discutidos. Veamos.

Corresponde precisar que, el Departamento de Corrección concluyó, a base de su conocimiento especializado, que la solicitud presentada por el Sr. Pérez Colón no motiva remediar una situación a tenor el inciso (5)(g) de la Regla XIII del Reglamento Núm. 8583, *supra.* Lo anterior responde al hecho de que el remedio administrativo peticionado por el recurrente está fundamentado en sus opiniones y no en incidentes específicos. Asimismo, destacamos que la agencia emitió el siguiente pronunciamiento en atención a las necesidades del miembro de la población correccional:

> *[S]e orienta el recurrente que la solicitud de servicios médicos (sick call) es un servicio que se brinda diariamente para todos los miembros de la población correccional. El personal médico tiene que evaluar las peticiones de servicio para poder atender a pacientes que así lo necesitan. En el caos recurrente está debidamente diagnosticado, tiene medicación activa y ha sido atendido por el área de sick call con regularidad. Es por que se le da prioridad a otros pacientes que requieren atención médica con mayor premura.[2]*

En vista lo anterior, reiteramos que la Resolución cuestionada es conforme a derecho. Por consiguiente, no existe espacio para sustituir el criterio adoptado por el organismo

---

[2] Entrada (1) del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones de Puerto Rico.

administrativo. Ante la inexistencia de una actuación arbitraria, irrazonable o ilegal por parte de la agencia, confirmamos el dictamen recurrido.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, confirmamos la Resolución recurrida, emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones